IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL HUBBARD,               )
                               )
      Plaintiff,            )
                               )
vs.                            )    Case No. 17−cv–0672−SMY
                               )
KIMBERLY BUTLER                )
                               )
      Defendant.            )
                               )

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Michael Hubbard, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests "all parties involved held accountable" and monetary damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

1

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## **The Complaint**

Plaintiff alleges that his cellmate began sexually abusing him in June 2015. (Doc. 1, p. 5). He was later moved to East House, and reported the abuse during a sick call visit on July 25, 2015. (Doc. 1, p. 5) (Doc. 1-1, p. 4). The doctor denied Plaintiff a full STD test, but administered an HIV test. (Doc. 1, p. 5). Plaintiff was not given the results of his HIV test until January 21, 2016, after he filed a grievance on the subject. (Doc. 1, p. 5) (Doc. 1-1, p. 4).

Plaintiff requested protective custody approximately 75 days after the alleged abuse. (Doc. 1, p. 5) (Doc. 1-1, p. 7). He also spoke to a mental health counselor about the abuse. (Doc. 1, p. 5 ). Plaintiff does not believe that Internal Affairs or the mental health department responded properly to his report. *Id.* He was ultimately denied protective custody. *Id.*

Once Plaintiff filed a grievance, he was finally shown his HIV results and given a full STD screen. *Id*. Plaintiff alleges that he never got the results of his STD screen. (Doc. 1, p. 5) (Doc. 1-1, p. 8). Internal affairs interviewed Plaintiff, but Plaintiff alleges that the interviewer blamed him for what happened and directed him to sign covered forms. (Doc. 1, p. 5). Plaintiff still does not know what he signed. *Id.* He asserts that the Chief Administrative Officer has a

responsibility to provide him with a reasonably safe environment, freedom from sexual abuse, and adequate medical care. *Id.*

### Discussion

Plaintiff has failed to state a claim upon which relief can be granted. While the Court cannot discern any plausible claims in Plaintiff's Complaint as currently drafted, any claims arising from these facts would likely fall under the Eighth Amendment, which is violated when a prison official shows deliberate indifference to a risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Deliberate indifference is shown where a plaintiff can point to an objectively serious need, which may be a medical need, a lack of life's necessities, or physical injury from another prisoner, and show that an officer knew of the serious need and subjectively disregarded it. *Farmer*, 511 U.S. at 837-38.

Plaintiff has alleged that he was sexually assaulted, which is a grave concern, but he has not alleged that any prison official had knowledge that the assault was going to happen or that there was a significant risk of the assault occurring and failed to protect Plaintiff. See, *Santiago v. Wells*, 599 F.3d 749 (7th Cir. 2010). The fact that the assault happened, standing alone, does not state a claim unless Plaintiff can show that a defendant could have prevented it and failed to act. Plaintiff cannot bring a § 1983 claim against his assailant because an inmate is not a state actor. Thus, Plaintiff has not sufficiently alleged any grounds for liability for the failure to protect him from sexual assault.

Plaintiff has also alleged that his medical treatment was inadequate. The gravamen of that Complaint appears to be that it took several months for the health care unit to give Plaintiff the results of an HIV test and that he has never seen the results of his STD test. However, Plaintiff has not alleged that he suffered harm from either of these delays and/or denials. *Brown*

3

*v. Carter*, No. 13 C 6866, 2015 WL 5462066 at *6 (N.D. Ill. September 16, 2015) ("[D]elay is not actionable in and of itself under the Eighth Amendment."). He does not allege that he actually has HIV and that the failure to provide the test results delayed his treatment. Nor has he alleged that he suffers from any symptoms of an STD or that those symptoms went untreated. Without an allegation of harm, there is nothing to compensate Plaintiff for.

Plaintiff also claims that he was denied protective custody, but once again, he does not allege that he was harmed by that denial or placed at serious risk of harm by that denial. *Wright v. Miller*, 561 F. App'x 551, 555 (7th Cir. 2014). Once again, in the absence of any allegations of harm, Plaintiff is not entitled to compensation. In short, the Complaint fails to allege any claims upon which relief could be granted because Plaintiff has not stated facts that raise a plausible claim of deliberate indifference or allege that he was actually harmed as a result of any official conduct.

Additionally, Plaintiff has named only Kim Butler, the former Warden of Menard, as a defendant. But he makes no mention of personal involvement by Butler in his statement of claim. This standing alone would be sufficient to dismiss Butler. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Plaintiff has alleged that it is Butler's responsibility to ensure that inmates are safe and secure. But in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff cannot sue Butler just because she was the Warden during the relevant events. Rather, Butler must have been personally involved in the events somehow. *Id.*

Plaintiff has not alleged that he complained to Butler about any of the events at issue prior to filing a grievance around January 2016 raising the issue of his test results. Although Butler signed off on the disposition of that grievance, the grievance officer's report indicates that Plaintiff had been seen in health care to address his complaints, that further testing had been ordered and that Plaintiff had a follow-up appointment to go over the results of the testing. Plaintiff claims that the last point is untrue—that he has never received the results of the STD testing, but Butler would have had no way of knowing that from the grievance itself. Butler is entitled to defer to medical professionals and their judgment, and this grievance would not have given her any notice of any deliberate indifference so as to establish that she approved or condoned the conduct. This would be problamatic even if Plaintiff had adequately pled that anyone was deliberately indifferent, which he has not. *Hayes v. Snyder*, 546 F.3d 516, 526-27 (7th Cir. 2008).

As Plaintiff has not adequately stated an Eighth Amendment claim, this Complaint will be dismissed without prejudice. Plaintiff may file an amended complaint as instructed below.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice**

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support any Eighth

5

Amendment claim, within 28 days of the entry of this order (on or before September 19, 2017). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: August 21, 2017**

s/ STACI M. YANDLE

**U.S. District Judge**
