# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL HUBBARD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17−cv−0672−SMY ) |
| KIMBERLY BUTLER | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Michael Hubbard, an inmate at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests "all parties involved held accountable" and monetary damages. This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which
> relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune
> from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**<u>The Amended Complaint</u>**

Plaintiff originally filed suit on June 28, 2017. (Doc. 1). The Court conducted a 1915A review of the original Complaint and dismissed it without prejudice on August 22, 2017, finding that Plaintiff had failed to state a claim in numerous respects. (Doc. 5).

The Court noted that although Plaintiff had alleged that his cellmate sexually assaulted him, he did not allege any facts suggesting that any official knew about a specific threat to Plaintiff and failed to take action to protect him. (Doc. 5, p. 3). Plaintiff also alleged that his subsequent medical treatment was delayed, but failed to allege that he was harmed by any of the delays he experienced. (Doc. 5, pp. 3-4). Likewise, while Plaintiff alleged that he was denied protective custody, he failed to explain what harm he suffered as a result of the denial. (Doc. 5, p. 4).

Additionally, the Court noted that the Complaint named a sole defendant, Kim Butler, despite the lack of any allegations that Butler was personally involved in any of the conduct at

issue. *Id.* The Court explained that personal involvement is required and that Plaintiff cannot name supervisory officials simply because of their positions. (Doc. 5, pp. 4-5). As a result of these pleading deficiencies, the Court directed Plaintiff to file an Amended Complaint.

Plaintiff filed his Amended Complaint on September 11, 2017. (Doc. 6). The Amended Complaint is a photocopy of the original Complaint with a single page containing additional facts attached at the end. (Doc. 6, p. 16). Once again, Butler is the only named defendant.

As recounted in the Court's prior Order, Plaintiff alleges that his cellmate began sexually abusing him in June 2015. (Doc. 6, p. 5). Plaintiff was later moved to East House and reported the abuse during a sick call visit on July 25, 2015. (Doc. 6, pp. 5, 11). The doctor denied Plaintiff a full STD test, but administered an HIV test. (Doc. 6, p. 5). Plaintiff was not given his HIV test results until January 21, 2016 (after he filed a grievance on the subject). (Doc. 6, pp. 5,11).

Plaintiff requested protective custody approximately 75 days after the alleged abuse. (Doc. 6, pp. 5, 14). He also spoke to a mental health counselor about the abuse. (Doc. 6, p. 5 ). Plaintiff does not believe that Internal Affairs or the mental health department responded properly to his report. *Id.* He was ultimately denied protective custody. *Id.*

Once Plaintiff filed a grievance, he was finally shown his HIV test results and given a full STD screen. *Id.* Plaintiff alleges that he never received the results of his STD screen. (Doc. 6, pp. 5, 15). Internal affairs interviewed Plaintiff, but Plaintiff alleges that the interviewer blamed him for what happened and directed him to sign covered forms. (Doc. 6, p. 5). Plaintiff still does not know what he signed. *Id.* He asserts that the Chief Administrative Officer has a responsibility to provide him with a reasonably safe environment, freedom from sexual abuse, and adequate medical care. *Id.*

The Amended Complaint includes the additional facts that Plaintiff's cellmate began making him uncomfortable by asking sexual questions immediately upon being placed with Plaintiff. (Doc. 6, p. 6). Plaintiff told an officer that he was having trouble with his cellmate and needed to be moved. *Id.* The officer gave Plaintiff an annoyed look and didn't say anything, so Plaintiff went back to his cell. *Id.* Plaintiff asserts that it was improper to match him, an inmate of 18 months, with a physically larger inmate who had been incarcerated for 15 years. *Id.* He also alleges that he believes the placement was purposeful, but does not explain why. *Id.*

Finally, Plaintiff alleges that he told "him" (unidentified) about 2 cancerous looking spots on his body, but "he" never tested the spots. *Id.* The spots have gotten bigger and Plaintiff has a family history of cancer. *Id.*

## Discussion

The Court incorporates its prior analysis of Plaintiff's claims (Doc. 5) by reference. Unfortunately, the Amended Complaint fails to adequately address the concerns raised in the Court's prior Order.

In an attempt to state a claim for failure to protect, Plaintiff now alleges that he told an unnamed guard that he was having "trouble" with his cellmate and needed to be moved. "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834.

In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants

acted with "deliberate indifference" to that danger. *Id*.; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, a defendant had to know that there was a substantial risk that those who attacked a plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). Conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Here, Plaintiff's allegations do not establish or suggest that he complained about a *specific* threat to his safety. He has not alleged that he told the unnamed guard that he feared an assault. He has not alleged that he described the nature of the comments his cellmate was making and that made him uncomfortable prior to the assault. If Plaintiff merely told a guard in passing that he wanted a cell change, that is insufficient to support a deliberate indifference claim.

Moreover, Plaintiff has once again named only Kimberly Butler, the former Warden of Menard as a defendant. Once again, he does not allege that Butler was personally involved in the relevant conduct and he appears to have named her only because of her positon. But as the Court noted in its previous Screening Order, being in charge, standing alone, is not grounds for liability in a § 1983 suit. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff does not need to know an individual's legal name to bring a claim.

5

If he does not know the names of guards or other staff involved in the constitutional deprivations he complains about, he can list them as "John Doe" or "Jane Doe." But he must list them in the caption of the complaint and in the section requesting that a plaintiff list all defendants. Failure to do so violates Federal Rule of Civil Procedure 10(a). ("The title of the complaint must name all the parties.")

Finally, Plaintiff's claim regarding his skin spots is problematic as well. As to the individual Plaintiff complains of, he refers only to "him." He has not identified an individual on whom the Court could order service. Plaintiff has also failed to allege that he suffered any harm from the failure to evaluate the spots, and his allegation that they may be cancer appears to be based entirely on speculation. Nevertheless, the Court will grant Plaintiff leave to amend his Complaint once more in order to further develop his claims and to properly name involved defendants.

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint is **DISMISSED without prejudice**. (Doc. 6). Plaintiff's Motion to Proceed IFP is **DENIED** as moot, as the Court previously granted that relief on August 18, 2017; Plaintiff need not move for IFP again. (Doc. 7).

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his Second Amended Complaint, stating any facts which may exist to support any Eighth Amendment claim, within 28 days of the entry of this order (on or before December 27, 2017). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint.

Thus, the Second Amended Complaint must stand on its own, without reference to any other pleading. Should the Second Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Second Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: November 29, 2017**

s/ STACI M. YANDLE
**U.S. District Judge**