# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL HUBBARD, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17−cv−0672−SMY |
| KIMBERLY BUTLER, UNKNOWN CORRECTIONAL OFFICER, UNKNOWN SERGEANT, and UNKNOWN LIEUTENANT | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Michael Hubbard, an inmate at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests "all parties involved held accountable" and monetary damages. This case is now before the Court for a preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff originally filed suit on June 28, 2017. (Doc. 1). On August 22, 2017, the Court subjected the original Complaint to § 1915A review and dismissed it without prejudice, finding Plaintiff had failed to state a claim in numerous respects. (Doc. 5). Specifically, the Court noted that although Plaintiff had alleged that his cellmate sexually assaulted him, he did not set forth facts suggesting that any official knew about a specific threat to Plaintiff failed to take action to protect him. (Doc. 5, p. 3). Plaintiff also raised his subsequent medical treatment, but failed to allege that he was harmed by any of the delays he experienced. (Doc. 5, pp. 3-4). Likewise, Plaintiff alleged that he was denied protective custody, but failed to explain what harm he suffered as a result of that denial. (Doc. 5, p. 4).

Plaintiff filed his First Amended Complaint on September 11, 2017. (Doc. 6). The First Amended Complaint was dismissed without prejudice on November 29, 2017 because Plaintiff once again failed to name anyone personally involved as a defendant. (Doc. 8). Plaintiff was granted leave to amend no later than December 27, 2017. (Doc. 8). Plaintiff filed a Second Amended Complaint on December 13, 2017. (Doc. 9).

**The Second Amended Complaint**

Plaintiff alleges that in June 2015, he was on the receiving gallery at Menard when another inmate was moved into his cell. (Doc. 9, p. 5). The new cellmate was in his mid-thirties and had been locked up since he was a teenager. *Id.* He began asking Plaintiff sexual questions and within a few days, had begun to make Plaintiff very uncomfortable. *Id.* Plaintiff told Unknown Correctional Officer that he was having trouble with his cellie and needed to be moved. *Id.* The Unknown Correctional Officer shot Plaintiff an annoyed look and did nothing. *Id.* Plaintiff generally alleges that "they" were not matching cellmates properly. *Id.*

Plaintiff put in a transfer request to West House Sergeant, noting that his cellmate was coming on to him. (Doc. 9, pp. 5-6). After 2 days, he submitted another request to the West House Lieutenant, indicating that his cellmate was becoming more aggressive. *Id.* Plaintiff's cellmate began to sexually abuse him after about 4 or 5 days by threatening serious physical harm. (Doc. 9, p. 5). Plaintiff was moved to East house on June 10, 2015. *Id.*

Plaintiff alleges that the medical treatment and Internal Affairs investigation he received after the alleged assault were inadequate. (Doc. 9, pp. 5-6). When Plaintiff saw the doctor for his injuries, he also mentioned some skin spots he thought might be cancerous, but the doctor did not test them. (Doc. 9, p. 5).

**Discussion**

Based on the allegations of the Second Amended Complaint, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim shall proceed in this action:

> **Count 1** – Unknown Correctional Officer, Unknown Sergeant, and Unknown Lieutenant were deliberately indifferent to the risk of serious harm posed by

> Plaintiff's cellmate when they disregarded his request to be moved, causing him
> to suffer a sexual assault, in violation of the Eighth Amendment.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834.

In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that the person who attacked Plaintiff would do so, yet fail to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). Conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Plaintiff alleges that he made 3 complaints of escalating urgency up the chain of command in order to secure a cell change. He also alleges that he was ignored at all levels, and was then sexually abused. This is sufficient to state a claim against the 3 unknown defendants. The Court will add Jacqueline Lashbrook, the current Warden of Menard, to the case for the sole purpose of identifying the unknown defendants.

Defendant Butler, however, must be dismissed as Plaintiff has failed to state a claim against her in her individual capacity. As explained more fully in the Court's prior Orders, Plaintiff has not alleged that Butler was personally involved in the relevant conduct and he appears to have named her only because she was in charge. But being in charge, standing alone, is not grounds for § 1983 liability. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff can only bring claims against individuals who were actually involved in the conduct. Plaintiff cannot bring a claim against Butler merely because she supervised the guards. Because he has not alleged that Butler knew his cellmate posed a risk to him, he has not adequately stated a claim against her.

This is Plaintiff's third attempt to state a claim against Butler and he has failed to do so each time. As such, the court presumes that he cannot do so and will dismiss Plaintiff's claim against Butler with prejudice.

Plaintiff has made other factual allegations, but the Court concludes that they do not state claims because Plaintiff has failed to associate any defendants with those allegations claims or alleged any harm. For example, Plaintiff claims that Internal Affairs did not take his allegations seriously, blamed him for the attack, and had him sign certain documents under suspicious circumstances. But Plaintiff has not alleged that any of the unknown defendants participated in that conduct. Likewise, he alleges that the medical team did not properly respond to his attack, but fails to mention any member of the medical staff in his case caption. Without a named defendant and specific allegations against that defendant, the claims fail.

Plaintiff has also continually refers to his potential skin cancer in this action, but as that claim raises a clearly separate factual issue from the sexual assault, it is not properly joined pursuant to Fed. R. Civ. P. 20. Finally, as to all of the above allegations, Plaintiff has not alleged that he suffered actual harm, a requirement in a tort action. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009). For the above reasons, the Court finds that Plaintiff has not sufficiently stated any claims regarding his post-assault investigation or medical care. Accordingly, any claims based on these facts will be dismissed without prejudice.

## Disposition

**Count 1** survives as to Unknown Correctional Officer, Unknown Sergeant, and Unknown Lieutenant. Kimberly Butler is **DISMISSED with prejudice** for failure to state a claim. The Clerk of Court is **DIRECTED** to add Jacqueline Lashbrook to the docket as a Defendant for the purpose of identifying the unknown defendants only. Lashbrook shall be dismissed after identification.

The Clerk of Court shall prepare for Defendant Lashbrook: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is

**ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Reona J. Daly** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 15, 2018**

                                                                             s/ STACI M. YANDLE
                                                                              **U.S. District Judge**